FILED

1   JOHN D. HIGGINBOTHAM, Bar No. 204179
    MARK F. LOVELL, Bar No. 246652
2   BEST BEST & KRIEGER LLP
    3750 University Avenue                    2008 AUG 15  AM II: 32
3   P.O. Box 1028
    Riverside, California 92502               CLERK U.S. DISTRICT COURT
4   Telephone: (951) 686-1450                 CENTRAL DIST. OF CALIF.
    Telecopier: (951) 686-3083                  EASTERN DIVISION
5   E-mail: john.higginbotham@bbklaw.com      BY:

6   Attorneys for Defendant
    NORTHWEST PIPE COMPANY
7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                       EASTERN DIVISION

11                    ED CV08-01115 SGL

12  RAYMUNDO CALVILLO, DAVID        Case No.
    NICHOLS, and TONY SHILA on                              PLAx
13  their own behalf, and as class action
    representatives of all those similarly   NOTICE OF REMOVAL
14  situated, and in the interest of the
    general public,                          (28 U.S.C. §§ 1332(d), 1441)
15
              Plaintiffs,                     CLASS ACTION
16
         v.
17
    NORTHWEST PIPE COMPANY,
18  and DOES 1 through 100,

19            Defendants.

20

21

22

23

24

25

26

27

28

1

### NOTICE OF REMOVAL

2

3       TO THE CLERK OF THE COURT:

4

5       PLEASE TAKE NOTICE that defendant Northwest Pipe Company

6   ("NW Pipe") hereby removes to this Court the state court action described below

7   based on the original jurisdiction conferred under the Class Action Fairness Act

8   ("CAFA"), 28 U.S.C. § 1332(d).   This Notice of Removal is supported by the

9   Declaration of Nancy Fields, filed herewith.

10                              ### BACKGROUND

11      1.      On or about May 28, 2008, an action was commenced in the Superior

12  Court of the State of California for the County of San Bernardino entitled *Calvillo,*

13  *et al. v. Northwest Pipe Company et al.*, Case No. CIVVS 802999 (the "Action").

14  True and correct copies of all pleadings, process, and orders served or filed in the

15  Action are attached to this Notice as Exhibit A.

16      2.      On July 16, 2008, NW Pipe acknowledged and accepted service of

17  process of the summons and complaint in the Action.

18      3.      The Action asserts claims on behalf of a putative class of current and

19  former California employees of NW Pipe.  Plaintiffs assert eight separate causes of

20  action, five of which arise under California's Labor Code.   Plaintiffs also assert

21  violations of California's Unfair Competition Law and claims for breach of contract

22  and fraudulent misrepresentation and deceit.   In sum, plaintiffs contend that NW

23  Pipe failed to provide its employees rest and meal periods required by law and

24  failed to pay overtime and other wages when due.

25      4.      Complete diversity of citizenship exists between all plaintiffs and all

26  defendants because:

27          (a)      The named plaintiffs Calvillo, Nichols, and Shila are residents

28  and citizens of the State of California.  (Compl. ¶ 7.)

(b)     NW Pipe is an Oregon corporation with its headquarters in Vancouver, Washington.  (Compl. ¶ 12.)  NW Pipe, therefore, is a citizen of Oregon and Washington.  *See* 28 USC § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

5.     There are no other parties identified in the Action, and the citizenship of the unidentified "Does 1 through 100" must be disregarded for purposes of removal jurisdiction.  *See* 28 USC § 1441(a) ("the citizenship of defendants sued under fictitious names shall be disregarded").

<u>THE COURT HAS ORIGINAL JURISDICTION BASED ON<br>THE CLASS ACTION FAIRNESS ACT ("CAFA")</u>

6.     The Court has original jurisdiction over the Action under CAFA, 28 USC § 1332(d)(2)(A), because, as explained below, the controversy is an alleged class action involving more than 100 class members, at least one of whom is a citizen of a different state than NW Pipe, collectively seeking in excess of $5,000,000 in damages.  *See generally Abrego v. The Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006) (discussing CAFA's jurisdictional criteria).

7.     The discretionary exceptions to CAFA jurisdiction do not apply, because the primary (and only) named defendant, NW Pipe, is not a citizen of California, the state in which the Action was originally filed.  *See* 28 USC § 1332(d)(3).

8.     The mandatory exceptions to CAFA jurisdiction do not apply, because:

(a)     There is not at least one named defendant who is a citizen of California, the state in which the Action was originally filed, *see* 28 USC § 1332(d)(4)(A)(i)(II)(cc); and

1       (b)    The primary (and only) named defendant, NW Pipe, is not a

2 citizen of California, the state in which the Action was originally filed, *see* 28 USC

3 § 1332(d)(4)(B).

4       9.    The exclusions to CAFA jurisdiction do not apply, because:

5       (a)    The primary defendant is not a State, State official, or other

6 government entity, *see* 28 USC § 1332(d)(5)(A); and

7       (b)    The number of members of all proposed plaintiff classes in the

8 aggregate is more than 100, *see* 28 USC § 1332(d)(5)(B); Compl. ¶ 16 (alleging

9 "more than one thousand current and/or former employees similarly situated").

10
11

THE AMOUNT IN CONTROVERSY EXCEEDS
$5,000,000 IN AGGREGATE

12       10.    Plaintiffs fail to specify a damages sum.  Accordingly, this Court may

13 consider whether it is "facially apparent" from the Complaint that it is more likely

14 than not that the jurisdictional amount is in controversy.  *Singer v. State Farm Mut.*

15 *Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Sanchez v. Monumental Life Ins.*

16 *Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  In measuring the amount in controversy,

17 the Court must assume that the allegations of the complaint are true and that a jury

18 will return a verdict for the plaintiff on all claims made in the complaint.  *Korn v.*

19 *Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).  Where a

20 statutory maximum is specified, courts may consider the maximum statutory

21 penalty available in determining whether the jurisdictional amount in controversy

22 requirement is met.  *Id.*  The Court also has discretion to accept "summary-

23 judgment-type evidence relevant to the amount in controversy at the time of

24 removal."  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal

25 quotations omitted).

26 Amount in Controversy Per Class Member

27       11.    Plaintiffs do not specify how many times NW Pipe violated the Labor

28 Code as to each of them or the putative class.  However, they describe the

1   violations as "consistent", "routine", "regular", "systematic", "repeated",

2   "frequent", and part of a "pattern and practice." (Compl. ¶¶ 2-4, 22, 25, 36, 37, 47.)

3   Plaintiffs further allege that applicable statutes of limitations were tolled for an

4   unspecified period of time "as to each and every claim." (*Id.* ¶ 29.)

5       12.   The average hourly wage of NW Pipe employees in California during

6   the five years preceding the filing of the Complaint was $17.05. (Fields Decl. ¶ 2.)

7   Based on that average hourly wage, the following very conservative analysis shows

8   that it is more likely than not that the amount in controversy exceeds $7,314.45 per

9   class member, *exclusive* of penalties, punitive damages, attorneys fees, and the

10  value of injunctive relief. Accordingly, this estimate is intentionally conservative

11  and under-inclusive. *See In re Ford Motor Co.*, 264 F.3d 952, 958 (9th Cir. 2001)

12  (potential cost to defendant of complying with injunction is part of amount in

13  controversy for jurisdictional purposes); *Muniz v. Pilot Travel Centers LLC*, 2007

14  WL 1302504, * 4 (E.D. Cal. May 1, 2007) (attorneys' fees and punitive damages

15  "are properly included in determining the amount in controversy").

16      (a)   *First Cause of Action.* Plaintiffs allege that NW Pipe failed to

17  pay overtime compensation at a rate of time-and-a-half for hours worked in excess

18  of eight hours a day and 40 hours a week. (Compl. ¶ 58). They further allege that

19  NW Pipe failed to pay overtime compensation at a rate of twice the regular rate of

20  pay for hours worked in excess of 12 hours a day or eight hours on a seventh

21  workday. (*Id.*) Plaintiffs contend that they and the other class members

22  "consistently worked over 8 hours in a workday, over 40 hours in a workweek, over

23  6 workdays in a workweek, and over 8 hours on a seventh workday in a workweek

24  for which they were not paid overtime compensation." (*Id.* ¶ 59.) Assuming

25  (conservatively) that a putative class member worked 9 hour days and seven days a

26  week for only one quarter of one year within a five-year class period (*i.e.*, for only

27  13 out of 260 weeks), Plaintiffs have placed overtime wages of $2,659.80 in

28  controversy for each class claimant. As noted, that amount does not include

1    penalties and attorney fees that Plaintiffs also seeks as damages and that are

2    properly considered by the Court in determining the amount in controversy for

3    purposes of removal. (*See id.* ¶ 61.)

4          (b)    *Second Cause of Action.*  Plaintiffs allege that NW Pipe failed to

5    pay wages for "pre-shift and post-shift activities performed while 'off the clock',

6    time indicated on [his] time cards which was not paid, and wages for remaining on

7    duty while clocked out for meal periods and rest breaks." (Compl. ¶ 64.) They

8    further allege that pre-shift activities were performed for at least 15 minutes prior to

9    each shift and that some time was spent cleaning up the work site after each shift.

10   (*Id.* ¶¶ 20, 23.)  Assuming that a putative class member worked one hour "off the

11   clock" during only one quarter of one year within a five-year class period (*i.e.*, for

12   only 91 out of 1,820 days), Plaintiffs have placed "off the clock" wages of

13   $1,551.55 in controversy for each class claimant, which amount – again – does not

14   include the attorneys fees that Plaintiffs also seek as damages or any overtime

15   premium. (*See id.* ¶ 65.)

16         (c)    *Third Cause of Action.*  Plaintiffs allege that NW Pipe failed to

17   provide meal periods as required under California law. (Compl. ¶ 69.) They allege

18   an entitlement to an amount equal to one hour's pay for each workday that a meal

19   period was not provided. (*Id.* ¶ 73.)  Assuming that a putative class member was

20   not provided a meal break during only one quarter of one year within a five-year

21   class period (91 days), Plaintiffs have placed meal-break wages of $1,551.55 in

22   controversy for each class claimant, which amount does not include the attorneys

23   fees that Plaintiffs also seek as damages or any overtime premium. (*See id.*)

24         (d)    *Fourth Cause of Action.*  Plaintiffs allege that NW Pipe failed to

25   provide rest periods as required under California law. (Compl. ¶ 76.) They allege

26   an entitlement to an amount equal to one hour's pay for each workday that a rest

27   period was not provided. (*Id.* ¶ 78.)  Assuming that a putative class member was

28   not provided a rest break during only one quarter of one year within a five-year

1   class period (91 days), Plaintiffs have placed rest-break wages of $1,551.55 in

2   controversy for each class claimant, which amount does not include the attorneys

3   fees that Plaintiffs also seek as damages or any overtime premium. (*See id.*)

4        (e)   *Fifth Cause of Action.*   Plaintiffs allege that NW Pipe failed to

5   reimburse for expenses incurred in the performance of job duties, "including but not

6   limited to expenses relating to specialized uniforms, safety gear and equipment and

7   tools which [were] necessary for the performance of their duties." (Compl. ¶ 81.)

8   There is no information in the complaint from which to ascertain how much any

9   plaintiff or putative class member contends is at issue under this claim for relief.

10   NW Pipe disregards this claim for purposes of calculating the amount in

11   controversy.

12        (f)   *Sixth Cause of Action.*   Plaintiffs allege that NW Pipe breached a

13   verbal employment agreement by failing to compensate its employees in

14   accordance with California law. (Compl. ¶ 88.) The consequential damages of the

15   alleged breach logically would be the same as the total damages set out in

16   paragraphs 12(a) through (d) above, and therefore Plaintiffs conservatively have

17   placed an amount of $7,314.45 in controversy for each class claimant.

18        (g)   *Seventh Cause of Action.*   Plaintiffs allege that NW Pipe

19   fraudulently mislead its employees into believing that its payment of wages was

20   "legal and proper." (Compl. ¶ 92.) The damages caused by Plaintiffs reliance on

21   the alleged fraud logically would be the same as the total damages set out above,

22   and therefore Plaintiffs conservatively have placed an amount of $7,314.45 in

23   controversy for each class claimant, exclusive of the punitive damages and

24   attorneys fees that Plaintiffs also seek as damages.

25        (h)   *Eighth Cause of Action.*   Lastly, Plaintiffs allege that NW Pipe's

26   conduct, as recounted above, violated California's Unfair Competition Law.

27   (Compl. ¶ 98.) Plaintiffs seek disgorgement of all wages wrongfully withheld in

28   addition to injunctive relief against future Labor Code violations. (*Id.* ¶ 102.) The

1   amount of disgorgement logically would be the same as the damages set out above,

2   and therefore Plaintiffs conservatively have placed an amount of $7,314.45 in

3   controversy for each class claimant.  That amount does not include the value of the

4   injunctive relief, which is properly considered by the Court in determining the

5   amount in controversy for purposes of removal jurisdiction.  *See In re Ford Motor*

6   *Co.*, *supra*, 264 F.3d at 958.

Aggregate Amount in Controversy

8       13.    Plaintiffs allege that there are "more than one thousand current and/or

9   former employees similarly situated" during a class period that relates back "at least

10  five years" from the filing of the Complaint.  (Compl. ¶¶ 2-4, 16.)  Accordingly, if

11  one thousand putative class members recovered the amount that Plaintiffs

12  conservatively have placed in controversy for each of them (*i.e.*, $7,314.45, which

13  is *exclusive* of penalties, attorney fees, and the value of injunctive relief), then the

14  aggregate amount in controversy for the putative class exceeds $7.3 million.

15      14.    Moreover, Plaintiffs also seek "exemplary and punitive damages" in

16  their Seventh Claim for Relief.  (Compl. ¶ 96.)  Capping punitive damages at a ratio

17  of 9:1 to comport with the due process concerns identified in *State Farm Mutual*

18  *Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), the aggregate amount in

19  controversy for the putative class increases to over $65.7 million.

20  <u>NW PIPE HAS COMPLIED WITH THE REQUIREMENTS FOR REMOVAL</u>

21      15.    NW Pipe has filed this Notice of Removal within 30 days of July 16,

22  2008, which was the effective date of service of the initial pleading in the Action.

23  *See* 28 USC § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,

24  526 U.S. 344, 348 (1999) (30-day removal period runs from formal service of

25  summons and complaint).

26      16.    NW Pipe has given written notice of the filing of this Notice of

27  Removal to the parties and has filed a copy of the Notice and supporting papers

28

1  with the Clerk of the San Bernardino County Superior Court, as required by 28

2  USC § 1446(d).

3       17.    NW Pipe has properly removed the Action to this Court under 28 USC

4  § 1441(b), because the U.S. District Court for the Central District of California

5  embraces the place where the Action was pending.

6  CONCLUSION

7       18.    WHEREFORE,  further  proceedings  in  the  Action  should  be

8  discontinued, and the Action should be removed to the United States District Court

9  for the Central District of California.

10       19.    NW Pipe reserves, and does not waive, any objection it may have to

11  service, jurisdiction, or venue, and any and all other defenses or objections to the

12  Action.

13

14  Dated: August 14, 2008                  BEST BEST & KRIEGER LLP

15

16                                   By:

17                                      JOHN D. HIGGINBOTHAM

18                                      MARK F. LOVELL
                                    Attorneys for Defendant
                                    NORTHWEST PIPE COMPANY

19

20

21

22

23

24

25

26

27

28

SUM-100

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY<br>
(SOLO PARA USO DE LA CORTE)

**FILED**
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DISTRICT

MAY 2 8 2008

BY _Melodee Susman_
DEPUTY

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
Northwest Pipe Company, and DOES 1 through 100

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTA DEMANDANDO EL DEMANDANTE):**
Raymundo Calvillo, David Nichols, and Tony Shila on their own behalf, and as class action representatives of all those similarly situated, and in the interest of the general public

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>San Bernardino Superior Court<br>303 W. Third Street<br>San Bernardino, California 92415 | CASE NUMBER:<br>(Número del Caso):<br>CIVS 8 0 2 9 9 9 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Gregory G. Petersen, Esq., Bar No. 77744, Petersen Law Firm, A Law Corporation, 21163 Newport Coast Drive, #581, Newport Coast, CA 92657, Tel. (949) 706-6532, Fax (949) 640-8983

| DATE:   MAY 2 8 2008 | Clerk, by  Melodee Susman | Deputy |
|---|---|---|
| (Fecha) | (Secretario) | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify):   NORTHWEST PIPE COMPANY

under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☒ other (specify):  business organization form unknown
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

EXHIBIT A

COPY

Gregory G. Petersen, State Bar No. 77744
gpetersen@petersenlawfirm.com
**PETERSEN LAW FIRM**
A Law Corporation
21163 Newport Coast Drive, #581
Newport Coast, California 92657
(949) 706-6532/Telephone
(949) 640-8983/Facsimile

Attorneys for Plaintiffs, RAYMUNDO CALVILLO.
individually, and on behalf of others similarly situated,
DAVID NICHOLS, individually, and on behalf of
others similarly situated, TONY SHILA, individually
and on behalf of others similarly situated.



FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
VICTORVILLE DISTRICT

MAY 2 8 2008

BY _Chelsdee Susman_
                        DEPUTY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| RAYMUNDO CALVILLO, DAVID NICHOLS, and TONY SHILA on their own behalf, and as class action representatives of all those similarly situated, and in the interest of the general public, | CASE NO.  CIVS 8 0 2 9 9 9 |
| | **CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** |
| Plaintiffs, | 1.  Failure to Pay Overtime [California Labor Code §§ 1194, 1198, and 510]; |
| | 2.  Failure to Pay Wages [California Labor Code § 1194 IWC Order 7]; |
| vs. | 3.  Failure to Provide Meal Periods [California Labor Code § 512]; |
| | 4.  Failure to Provide Rest Breaks [California Labor Code § 226.7]; |
| NORTHWEST PIPE COMPANY, and DOES 1 through 100, | 5.  Failure to Reimburse Employee Expenses [California Labor Code § 2802]; |
| | 6.  Breach of Contract; |
| Defendants. | 7.  Fraudulent Misrepresentation and Deceit; |
| | 8.  Violation of the Unfair Competition Law [California Business and Professions Code § 17200 et seq. |
| | **DEMAND FOR JURY TRIAL** |

1

COMPLAINT

1  Plaintiffs, RAYMUNDO CALVILLO, DAVID NICHOLS, and TONY SHILA, on behalf

2  of themselves and all others similarly situated, and demanding a trial by jury, complain as follows:

3  **I.**

4  **GENERAL ALLEGATIONS**

5      1.    Plaintiffs bring this Class Action pursuant to California *Code of Civil Procedure* §

6  382 against Northwest Pipe Company (hereinafter NWPC) and DOES 1 through 100 (hereinafter

7  "Defendants") on their own behalf and on behalf of all other hourly wage employees (Class

8  Members) employed by or formerly employed by NWPC and any subsidiary or affiliated

9  companies.

10      2.    For at least five years prior to filing this action, NWPC has had a consistent policy

11  of failing to pay Plaintiffs and Class Members all their hourly wages and overtime by requiring

12  employees to work off the clock, take on-duty lunches, work through meal and rest breaks and to

13  work hours without compensation as indicated in the employees' time cards.  Such time includes

14  walking time, time dressing the required uniform and/or gear and waiting time for the employer.

15      3.    For at least five years prior to filing this action, NWPC has had a consistent policy

16  of requiring Plaintiffs and Class Members to work through rest periods and/or failing to provide

17  adequate meal period and failing to provide rest breaks of at least ten (10) minutes per four hours

18  worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the

19  employees' regular rate of compensation for each workday that the meal period and/or rest period

20  is not provided as required by California state wage and hour laws.

21      4.    For at least five years prior to filing this action, NWPC has had a consistent policy

22  of requiring Plaintiffs and other current and/or former employees (hereinafter "Class Members")

23  to work without receiving a required meal period within the first five (5) hours of the shift, failing

24  to allow the employee to take a meal period whatsoever or failing to provide an adequate meal

25  period and failing to pay such employees one (1) hour of pay at the employees regular rate of

26  compensation for each workday that the meal period is not provided as required by California

27  state wage and hour laws.  NWPC also failed to properly provide the required second meal period

28  when additional hours worked triggered the right to a second meal period.

5.    Plaintiffs, on behalf of themselves and all others similarly situated, bring this action pursuant to California *Labor Code* §§ 226(b), 226.7, 510, 512, 1194, 1198, 2802, Title 8, section 11070 and 17200 seeking unpaid regular and overtime wages, unpaid rest and meal period compensation, penalties, injunctive and other equitable relief and reasonable attorneys' fees and costs.

6.    Plaintiffs on behalf of themselves and all others similarly situated pursuant to California *Business and Professions Code* §§ 17200-17208 also seek injunctive relief, restitution, specific performance of payment, and disgorgement of all benefits Defendants enjoyed from their failure to pay wages, overtime, and pay rest and meal period compensation.

## II.

## VENUE

7.    Venue is proper in this judicial district pursuant to California *Code of Civil Procedure* § 395 in that Plaintiffs reside in the jurisdiction and the facts which give rise to this action occurred in the County of San Bernardino.

## III.

## THE PARTIES

8.    Plaintiffs, and each of them, are individuals who, within the applicable statute of limitations period prior to the commencement of this action, were employed as hourly employees by NWPC, a company which manufactures welded steel pipe with plants throughout the United States and employs more than 1000 employees.

9.    Plaintiff Raymundo Calvillo was employed as a welder for NWPC from approximately February 2002 to June 2004, and brings this action on behalf of himself and all others similarly situated and seeks the relief identified and described herein.

10.    Plaintiff David Nichols was employed as a welder for NWPC from approximately February 2002 to 2004, and brings this action on behalf of himself and all others similarly situated and seeks the relief identified and described herein.

11.    Plaintiff Tony Shila was employed as a welder for NWPC from approximately October 2002 to June 2004, and brings this action on behalf of himself and all others similarly situated and seeks the relief identified and described herein.

12.    Defendant NWPC is a Washington Corporation with its headquarters in Vancouver, Washington.  NWPC has manufacturing facilities throughout the United States and employs more than one thousand employees and hundreds of employees within the State of California.

13.    Defendant, NWPC operates a large pipe manufacturing facility in Adelanto, (San Bernardino, County) California consisting of approximately 169,000 square feet of covered manufacturing space on 100 acres.  During the liability period, Defendant employed Plaintiffs and other current and former employees similarly situated within California.

14.    The true names and capacities, whether individual, corporate, associate, representative, or otherwise, of Defendants named herein as DOES 1 through 100 are unknown to Plaintiffs at this time, and are therefore sued by such fictitious names pursuant to California *Code of Civil Procedure* § 474.  Plaintiffs allege, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiffs will seek leave of the court to amend this Complaint to reflect the true names and capacities of DOES 1 through 100 when such identities become known.

15.    The acts charged in this Complaint as having been done by NWPC were authorized, ordered, or done by its officers, agents, employees, or representatives, while actively engaged in the management of the Defendant's business affairs.

IV.

FACTUAL ALLEGATIONS

16.    NWPC manufactures welded steel pipe in the State of California with a plant in Adelanto which currently employs hundreds of employees and which employed plaintiffs, as well as more than one thousand current and/or former employees similarly situated during the class period.

17.    Plaintiffs and others similarly situated are and were employed by NWPC to

4

COMPLAINT

1  perform work within its manufacturing facilities, including but not limited to, producing, creating,

2  processing, inspecting, handling, assembling, packaging, welding or otherwise engaging in

3  activities related to the production of steel pipes.  Plaintiffs and others similarly situated are and

4  were employed on an hourly wage basis.

5       18.    As an integral and indispensable part of their principal activities performed for the

6  benefit of NWPC, Plaintiffs and others similarly situated were and continue to be required to

7  purchase, have, maintain, and/or wear specialized uniform, safety equipment, and tools in order to

8  perform their tasks at each scheduled shift.  Plaintiffs and others similarly situated were not and

9  continue to not be reimbursed for said expenditures which are and were incurred at the direction

10 and benefit of NWPC.

11      19.    NWPC utilizes a manual time clock where employees including Plaintiffs were and

12 continue to be required to "punch in" at the beginning of their shift and "punch out" at the end of

13 their shift.

14      20.    As an integral and indispensable part of their principal activities performed for the

15 benefit of NWPC, Plaintiffs and others similarly situated are further required to be onsite at least

16 15 minutes prior to the start of each shift in order to inspect and maintain their specialized tools

17 and safety equipment as well as put on their specialized uniform and safety equipment.  Plaintiffs

18 and others similarly situated arrive at work prior to the commencement of each shift in order to

19 perform the above required pre-shift duties.  Plaintiffs and others similarly situated are not

20 compensated for these pre-shift activities.

21      21.    Failure to appear at the factory site at the commencement of the scheduled start of

22 a shift, results in the deduction of a minimum 15 minute increment by NWPC from wages owed

23 to Plaintiffs and others similarly situated.

24      22.    Plaintiffs and other current and former employees similarly situated, were routinely

25 not paid for all the hours worked and/or indicated on their time card and all their overtime wages

26 due.

27      23.    Plaintiffs and others similarly situated were required to "punch out" and thereafter

28 clean up their work site and perform various activities necessary for the completion of their work-

1 | related duties for which they were not paid.  In short, employees were required to routinely work

2 | "off the clock" without compensation.  Moreover, Plaintiffs would also work past their scheduled

3 | shift when performing work related activities such as clean up, or putting away specialized tools

4 | for which they were not compensated.

5 |     24.  NWPC also had a practice of requiring Plaintiffs, as well as current and former

6 | employees to skip their lunch break or eat their lunch while at their work station or work site all

7 | for the purpose of increasing production at the expense and well being of its employees.  This

8 | practice was referred to as "on duty lunch" or "ODL."

9 |     25.  Plaintiffs and other similarly situated current and former employees of NWPC

10 | were routinely not provided their meal period for every five hour increment of time worked as

11 | required by California Law.  Moreover, the meal periods that were provided were regularly

12 | inadequate as Defendant required Plaintiffs and others similarly situated to eat while still at their

13 | work station, or eat in areas with improper ventilation surrounded by toxic fumes, lacking hot and

14 | cold water and which did not meet the code for a rest area.  NWPC did not compensate Plaintiffs

15 | and others similarly situated for its failure to provide proper meal periods.

16 |     26.  Routinely, NWPC required employees who began their shift at 5:00 a.m. to wait

17 | and take their lunch at 12:00 p.m. in complete disregard for the well being of its employees.

18 |     27.  NWPC routinely failed to provide meal periods and rest breaks as required by

19 | California law and/or failed to provide adequate meal and rest period accommodations for

20 | Plaintiffs and other current and former employees.  For example, Plaintiffs and other current and

21 | former employees were required to take their meal periods and rest breaks in the cam bay area

22 | which was improperly ventilated and where no break and/or lunch room existed.  In fact, the

23 | nearest break room was approximately a 5 minute walk from the cam bay.  NWPC did not

24 | compensate Plaintiffs and other current and former employees for its failure to provide proper

25 | meal periods and rest breaks.

26 |     28.  NWPC's facility is extremely large consisting of approximately 169,000 square

27 | feet of covered manufacturing space on 100 acres, and within its facility it employs hundreds of

28 | employees.  NWPC, however, failed to provide an adequate number of break facilities.  In fact,

1 most employees were required to walk an unreasonably long distance to reach the break room

2 during their respective meal periods and/or rest breaks, which caused the walking time to

3 significantly cut into the rest break and meal periods or cause them to be missed altogether.

4      29.   NWPC employees notified and complained to management of NWPC's failure to

5 compensate its employees for all overtime, "off the clock work," missed meal periods and rest

6 breaks, and ODLs, however management assured them that NWPC's practices were lawful and

7 proper and that they were not entitled to compensation for the additional hours of work.  Said

8 affirmative representation tolled the statutes of limitation as to each and every claim set forth in

9 this Complaint.

10      30.   NWPC's requirement that Plaintiffs and other similarly situated current and former

11 employees work off the clock, work without just compensation or the legal rate of overtime pay,

12 and work through meal periods and rest breaks and/or work through inadequate meal periods and

13 rest breaks, and work without paying all wages due as indicated on the employees' time cards

14 were willful and deliberate and provided NWPC a distinct business advantage over other similar

15 businesses which adhere to California's wage and hour laws.

16      31.   NWPC knew or should have known that Plaintiffs and other similarly situated

17 current and former employees have been working pre-shift and post-shift activities, as well as

18 during or through meal periods, since its employees were required to perform such activities under

19 written and unwritten policies, and the mandates of NWPC and its management.  NWPC was

20 otherwise aware that Plaintiffs and other similarly situated current and former employees were

21 performing the activities alleged herein.

22      32.   Accordingly, throughout the course of their employment, Plaintiffs and others

23 similarly situated have worked in excess of forty (40) hours in a workweek, eight (8) hours in a

24 workday, and/or eight (8) hours on the seventh consecutive day in a workweek without proper

25 regular, premium or overtime compensation, in violation of California wage and hour laws.

26      33.   Further, throughout the course of their employment, Plaintiffs and all others

27 similarly situated were not provided with an uninterrupted thirty (30) minute meal period for work

28 performed in excess of ten (10) hours, as required by the California Labor Code.

34.     Moreover, at all times relevant to this Complaint, each Plaintiff and others similarly situated has incurred necessary expenditures in purchasing and maintaining uniform and safety equipment as a condition of employment, as a direct consequence of the discharge of their duties, and/or at the direction of NWPC.  NWPC has knowingly and willfully and/or otherwise failed and/or refused to fully reimburse or indemnify Plaintiffs and others similarly situated for expenditures incurred in purchasing and maintaining such specialized uniforms, safety gear and equipment.

35.     At all times relevant herein, NWPC was and continues to be obligated to comply with all wage and hour laws in the State of California.  NWPC knew, should have known, or showed reckless disregard for its obligation to timely pay its employees all proper regular, premium, and/or overtime compensation, and to provide uninterrupted meal periods and rest breaks.

36.     In furtherance of the acts and omissions alleged herein, NWPC acted and continues to act pursuant to and in furtherance of the following policy and practices:

a.     Systematically failing and/or refusing to properly compensate Plaintiffs and others similarly situated for actual hours worked at the proper regular, premium and/or overtime rates of compensation;

b.     Systematically failing and/or refusing to properly compensate Plaintiffs and others similarly situated for integral and indispensable pre-shift and post-shift activities at the proper regular, premium, and/or overtime rates of compensation;

c.     Systematically failing and/or refusing to provide Plaintiffs and others similarly situated with mandated uninterrupted meal periods and rest breaks;

d.     Systematically failing and/or refusing to compensate Plaintiffs and others similarly situated for actual wages earned by improperly deducting from an employee's wages for purported tardiness in an amount which bears no relation to, and in most instances exceeds, the actual time lost;

e.     Systematically failing and/or refusing to reimburse Plaintiffs and others similarly situated for expenses incurred in purchasing and maintaining specialized

8
COMPLAINT

uniform and safety gear and equipment which they required and which is required for the performance of its employees duties.

37.     These practices have been repeated, frequent, and willful, continuing back through at least four years prior to filing of this Complaint, and with the knowledge and complicity of NWPC.

38.     NWPC willfully committed, ordered, directed, supervised, allowed, planned, ratified, concealed, organized, or otherwise participated in the unlawful acts or omissions complained of herein.

39.     Plaintiffs on behalf of themselves and all others similarly situated seek to recover uncompensated wages, liquidated damages, interest, penalties, costs and attorneys' fees, restitution, injunctive relief and any and all other appropriate equitable relief that the Court deems appropriate.

## V.

## CLASS ALLEGATIONS

40.     Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to California *Code of Civil Procedure* § 382.  Plaintiffs seek to represent a Class composed of and defined as follows:

> All persons who are or were employed by Defendant in the State of California who have worked as an hourly employee and who have not been provided a rest break for every four hours or major fraction thereof per work day and were not provided compensation equal to one hour's pay for each work day in which such rest break was not provided.

41.     Plaintiffs also seek to represent a subclass composed of and defined as follows:

> All persons who are or were employed by Defendant in the State of California who have worked as an hourly employee and who have not been provided a meal period, an adequate meal period or received an "on duty lunch" for every five hours or major fraction thereof per day and were not

9
COMPLAINT

1   provided compensation equal to one hour's pay for each day on which such

2   meal period was not provided.

3      42.   Plaintiffs also seek to represent a subclass composed of and defined as

4   follows:

5      **All persons who are or were employed by Defendant in the State of**

6   **California who have worked as hourly employees and who have not been**

7   **paid straight time and overtime due for all hours worked for the benefit of**

8   **Defendants.**

9      43.   Plaintiffs also seek to represent a subclass composed of and defined as

10   follows:

11      **All persons who are or were employed by Defendant in the State of**

12   **California who have worked as hourly employees and who were required to**

13   **work "off the clock" and were not paid for this time.**

14      44.   Plaintiffs also seek to represent a subclass composed of and defined as

15   follows:

16      **All persons who are or were employed by Defendant in the State of**

17   **California who have worked as hourly employees and who were not**

18   **reimbursed for their work expenses, which include but are not limited to**

19   **costs associated with specialized uniforms, safety gear and equipment.**

20      45.   Plaintiffs reserve the right under Rule 1855(b), California *Rules of Court*, to amend

21   or modify the class description with greater specificity or further division into subclasses or

22   limitations to particular issues.

23      46.   <u>Numerosity</u>:  Plaintiffs allege that the Class includes hundreds, if not thousands, of

24   persons in the state of California making joinder impractical.  Accounting for employee turnover

25   during the relevant periods necessarily increases this number substantially.  Plaintiffs allege

26   NWPC's employment records will provide information as to the number and location of all

27   potential Class Members.  Joinder of all members of the proposed Class is not practicable.

28

47.   <u>Commonality</u>: There are common questions of law and fact common to the Class that predominates over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

a.   Whether Defendants have engaged in a pattern or practice of denying Plaintiffs and other members of the Subclasses statutorily mandated rest periods;

b.   Whether Defendants have engaged in a pattern or practice of denying Plaintiffs and other members of the Subclasses statutorily mandated meal periods within each 5 hours worked.

c.   Whether Defendants have engaged in a pattern or practice of failing to pay straight time and overtime to Plaintiffs and other members of the Subclasses;

d.   Whether Defendants have engaged in a pattern or practice of requiring Plaintiffs and other members of the Subclasses to work "off the clock" without compensation;

e.   Whether Defendants have engaged in a pattern or practice of failing to pay all wages due as indicated in the time cards to Plaintiffs and other members of the Subclasses.

48.   <u>Commonality of Law</u>: There are common elements of law relating to issues in this matter including elements of the California Labor Code, the California Code of Regulations, California Business and Professions Code and violations of IWC Wage Orders.

49.   <u>Typicality</u>: The claims of Plaintiffs are typical of the claims of all other potential Class members. Plaintiffs and all members of the Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have force and effect of law and statutes as alleged herein.

50.   <u>Adequacy of Representation</u>: Plaintiffs will fairly and adequately protect the interests of the other members of the Class. Plaintiffs were long term employees and Plaintiffs' counsel is competent and experienced in litigating large employment law actions.

11
COMPLAINT

51.   Superiority of Class Action:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice regarding the payment of regular and overtime wages and the reimbursement of expenses for work related items as alleged above.

52.   Public Policy Consideration:  The courts have long recognized that wage and hours laws concern not only the health and welfare of the workers themselves, but also the public health and general welfare.  Also, the California Legislature's decision to criminalize certain employer violations of the overtime wage laws (Lab. Code, §§ 1174, 1175, 1199) reflects a determination that the conduct affects a broad public interest.  Employers throughout the United States as well as California violate wage and hour laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of brining actions because they perceive their former employers can damage their future endeavors through negative references and other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights.

53.   Plaintiffs request that absent class members be notified by the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.

54.   Plaintiffs are a member of the class they represent, and the class includes all employees subjected to the Labor Code violations as alleged herein, while employed by Defendant, within the State of California.

55.   Class Action treatment will allow those similarly situated persons to litigate their claims in the same manner which is the most efficient and economical means for both parties and the judicial system.  Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a Class Action.

## VI.

### FIRST CAUSE OF ACTION

**(By Plaintiffs Individually and On Behalf of All Others Similarly Situated**

**As a California Class Action against All Defendants)**

**Failure to Pay Overtime**

**(California *Labor Code* §§ 1194, 1198, and 510)**

56.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

57.     At all times Plaintiffs were covered under the California Labor Code, the California Code of Regulations and by the provisions of the Industrial Welfare Commission Wage Orders, including IWC orders 4-2000 and 4-2001.

58.     At all times herein relevant the IWC Wage Order applicable to Plaintiffs' employment by Defendant provides that such employees employed for more than 8 hours in a workday or more than 40 hours in a workweek are entitled to payment at the rate of time and one-half for all hours so worked; additionally employees who work more than 12 hours in a workday or more than 8 hours on a seventh workday are entitled to overtime compensation at a rate of two times their regular rates of pay. Further, effective January 1, 2000, the right to overtime compensation at one and one-half times the regular rate for hours worked in excess of 8 hours in a workday or 40 hours in a workweek or on a seventh workday in a workweek, and to overtime compensation at twice the regular hourly rate for hours worked in excess of 12 hours in a workday or in excess of 8 hours on a seventh workday in a workweek, has been codified in California *Labor Code* § 510. Defendant has failed and continues to fail to pay Plaintiffs and other class members the uncompensated overtime owed.

59.     During their employment by Defendants, Plaintiffs and the other class members consistently worked over 8 hours in a workday, over 40 hours in a workweek, over 6 workdays in a workweek, and over 8 hours on a seventh workday in a workweek, for which they were not paid overtime compensation pursuant California law. Despite the hours worked by Plaintiffs and the

1   class members, defendants willfully, in bad faith, and in knowing violation of the California Labor

2   Code, failed and refused to pay the lawfully required overtime compensation premium.

3        60.    Defendant's failure to pay Plaintiffs and other class members the overtime

4   compensation premium, as required by the applicable IWC Wage Order and the California Labor

5   Code, violates the provisions of California *Labor Code* §§ 1194, 1198, and 510 and is unlawful.

6        61.    Therefore, Plaintiffs and other class members are entitled to recover from

7   Defendants the unpaid overtime compensation, plus interest on that amount, penalties, reasonable

8   attorney fees, and costs of this suit pursuant to California *Labor Code* § 1194.

9   **VII.**

10   **SECOND CAUSE OF ACTION**

11   **(By Plaintiffs Individually and On Behalf of All Other Similarly Situated,**

12   **As a California Class Action against All Defendants)**

13   **Failure to Pay Wages**

14   **(California *Labor Code* §§ 1194, IWC ORDER 7)**

15        62.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth

16   in the preceding paragraphs.

17        63.    Plaintiffs and others similarly situated are covered under the California Labor

18   Code, the California Code of Regulations and by the provisions of the Industrial Welfare

19   Commission Wage Orders.

20        64.    During the statutory period, NWPC had a consistent policy of failing to pay all

21   wages due to Plaintiffs and similarly situated potential members of the Class which include but

22   are not limited to pre-shift and post-shift activities performed while "off the clock" as alleged

23   above, time indicted on the employees' time cards which was not paid, and wages for remaining

24   on duty while clocked out for meal periods and rest breaks.

25        65.    By their actions alleged above, NWPC violated the provisions of the California

26   *Labor Code* § 1194 and IWC Wage Order 7 and as such are liable to Plaintiffs and similarly

27   situated potential members of the Class for wages in an amount to be determined at trial, and are

28   entitled to restitution and recovery of such amounts plus interest thereon, attorneys' fees and

1  costs.  As alleged above, Defendants willfully violated the provisions of the California *Labor*

2  *Code* § 1194.

3                                          **VIII.**

4                             **THIRD CAUSE OF ACTION**

5        **(By Plaintiffs Individually and On Behalf of All Other Similarly Situated**

6              **As a California Class Action against All Defendants)**

7                    **Failure to Afford Mandatory Meal Periods**

8                        **(California Labor Code § 512)**

9        66.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth

10  in the preceding paragraphs.

11       67.     Plaintiffs and all others similarly situated are covered under the California Labor

12  Code, the California Code of Regulations and by the provisions of the Industrial Welfare

13  Commission Wage Orders.

14       68.     The applicable California Wage Order provides that no employer shall employ any

15  person for a work period of more than five hours without a meal period of not less than 30

16  minutes in which the employee is relieved of all duty.

17       69.     During the statutory period, NWPC had a consistent policy of failing to provide

18  Plaintiffs and other similarly situated potential Class Members meal periods for each day they

19  worked in excess of six hours, meal periods within the first five hours of their shift, failure to

20  provide a second meal period to employees that worked in excess of ten (10) hours, and by

21  requiring employees to either work through meal breaks or take on duty lunches, NWPC willfully

22  violated the provisions of California *Labor Code* § 226.7, 512, IWC Wage Orders.

23       70.     Moreover, NWPC's facility is extremely large consisting of approximately 169,000

24  square feet of covered manufacturing space on 100 acres, and within its facility it employs

25  hundreds of employees.  NWPC, however, failed to provide an adequate number of break

26  facilities.  In fact, most employees were required to walk an unreasonably long distance to reach

27  the break room during their respective meal periods which caused the walking time to

28  significantly cut into the meal periods.

71.     California *Labor Code* § 226.7 provides that if an employer fails to provide such a lawful meal period, the employer shall pay the employee one additional hour of pay for each workday that the meal period was not provided.

72.     California *Labor Code* § 218 authorizes employees to sue directly for any penalty due to them under the California Labor Code.

73.     As a result of the unlawful acts of NWPC and all Defendants in failing to provide legally mandated meal periods, Plaintiffs and other similarly situated potential members of the Class have been deprived of and are each entitled to recovery of an amount equal to one hour's pay per workday for such violations as provided under California *Labor Code* § 226.7 and IWC Wage Orders plus interest and attorneys fees and costs.

IX.

FOURTH CAUSE OF ACTION

(By Plaintiffs Individually and On Behalf of All Other Similarly Situated
As a California Class Action against All Defendants)

Failure to Afford Mandatory Rest Periods

(California Labor Code § 226.7)

74.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

75.     Plaintiffs and all others similarly situated are covered under the California Labor Code, the California Code of Regulations and by the provisions of the Industrial Welfare Commission Wage Orders.

76.     During the employment period, NWPC had a consistent policy of failing to provide Plaintiffs and other similarly situated potential Class Members rest breaks and/or failing to provide adequate rest breaks for every four hours or major fraction thereof worked per day to Plaintiffs and potential Class Members and failing to provide compensation for such missed rest breaks as alleged herein.  Defendants willfully violated the provisions of California *Labor Code* § 226.7 and IWC Wage Orders.